1421

Lillie Mae THOMAS, Appellant v. Yvonne R. TAYLOR, Individually and as Administratrix of the Estate of Ordie P. Taylor, Jr., deceased, and Georgia Bell Taylor, Respondents.

(386 S. E. (2d) 630)

Court of Appeals

*Hemphill P. Pride, II*, of *Law Office of Hemphill P. Pride, II*, Columbia, *for appellant.*

*Linda C. McDonald*, of *McDonald, McKenzie, Fuller,*

*Rubin & Miller,* and *Adele Pope,* of *Haynsworth, Marion, McKay & Guerard,* Columbia, *for respondents.*

Heard Nov. 7, 1989.

Decided Dec. 4, 1989.

SANDERS, Chief Judge:

Appellant Lillie Mae Thomas brought this action against respondent Yvonne R. Taylor, individually and as administratrix of the estate of Ordie P. Taylor, Jr., deceased, and respondent Georgia Bell Taylor, seeking to be awarded a fee simple title in certain real property. Mr. Taylor died intestate. Ms. Yvonne R. Taylor is his daughter. Mrs. Georgie Bell Taylor is his widow. Ms. Thomas bases her claim to the property on an alleged oral agreement between herself and Mr. Taylor. She was called as a witness at trial. Her deposition, in which she testified regarding the alleged oral agreement and her relationship with Mr. Taylor, was not admitted in evidence on the ground that to admit it would violate the so-called "dead man's" statute. Section 19-11-20, Code of Laws of South Carolina, 1976. Judgment was subsequently entered for Ms. Taylor and Mrs. Taylor. Ms. Thomas appeals. We affirm.

The single issue presented on appeal is "whether the trial judge erred in not admitting into evidence appellant's deposition."

The deposition in question is a deposition which counsel for Ms. Taylor took of Ms. Thomas. During the course of the deposition, counsel for Ms. Taylor examined Ms. Thomas regarding the alleged oral agreement and her relationship with Mr. Taylor. Counsel for Ms. Taylor did not, however, seek to introduce the deposition in evidence at trial.

The first sentence of the "dead man's" statute provides:

> [N]o party to an action . . . no person who has a legal or equitable interest which may be affected by the event of the action . . . shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased . . . as a witness against a party . . . defending the action as . . . administrator . . . or survivor of such deceased person

... when such examination ... in such action ... can in any manner affect the interest of such witness. ...

The second sentence of the statute provides:

[W]hen such ... administrator ... [or] survivor ... shall be examined on his own behalf in regard to such transaction or communication or when testimony of such deceased ... person ... in regard to such transaction or communication ... shall be given in evidence on the trial ... in behalf of such ... administrator [or] ... survivor ... then all other persons not otherwise rendered incompetent shall be made competent witnesses in relation to such transaction or communication on said trial. ...

Ms. Thomas does not dispute that the testimony contained in her deposition is prohibited by the first sentence of the statute. Nor does she argue that either of the two exceptions provided by the second sentence of the statute are applicable. Rather, Ms. Thomas argues that the testimony was rendered admissible because counsel for Ms. Taylor took her deposition, examined her regarding the alleged oral agreement and her relationship with Mr. Taylor, and thereby "opened the door for the admission of the oral agreement and relationship between Appellant and Decedent." We reject this argument.

The second sentence of the "dead man's" statute provides the only two exceptions to the prohibition provided by the first sentence: (1) where the administrator or survivor testifies regarding the transaction or communication with the deceased and (2) where the testimony of the deceased regarding the transaction or communication is given in evidence by the administrator or survivor. Neither of these exceptions is applicable here. It does not appear that either Ms. Taylor or Mrs. Taylor testified regarding the alleged agreement. Nor was the testimony of Mr. Taylor given in evidence.

Ms. Thomas argues further that counsel for Ms. Taylor waived any objection to the testimony by failing to note an objection during the taking of the deposition. We also reject this argument.

The rule governing the use of depositions specifically provides that objections to the competency of a witness are not waived by the failure to make them during the taking of the deposition. SCRCP 32(d)(3)(A). The only exception provided by the rule is where the "ground of the objection is one which might have been obviated or removed if presented at that time." *Id.* The exception is obviously not applicable in the instant case.

Ms. Thomas relies on *Ellis v. Cribb*, 55 S. C. 328, 33 S. E. 484 (1899). There, unlike here, the testimony of the deceased was taken *de bene esse* before her death and was introduced in evidence by her heirs. *Ellis* is, therefore, clearly distinguishable from the instant case.

For these reasons, the judgment of the Circuit Court is

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.